UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE THE APPLICATION OF BELPARTS
GROUP, N.V., BELPARTS,

*Applicant.*

No. 3:21-mc-0062 (VAB)

**RULING AND ORDER ON MOTION TO QUASH, OR, IN THE ALTERNATIVE, TO VACATE OR STAY**

Following the *ex parte* application of Belparts Group, N.V. ("Belparts") for an Order authorizing discovery under 28 U.S.C. § 1782 for use in foreign proceedings, *see Ex Parte* Appl. for Disc. in Aid of Foreign Litigation Pursuant to 28 U.S.C. § 1782, ECF No. 1 (Aug. 23, 2021) ("Appl."), the Court granted the *ex parte* motion, *see* Order, ECF No. 5 (Sept. 13, 2021) ("Order"), and entered a protective order for the information procured under the resulting subpoena, *see* Order, ECF No. 6 (Sept. 13, 2021) ("Appl. Protective Order").[1]

On October 6, 2021, Belimo Aircontrols (USA), Inc. ("Belimo USA") filed a motion to quash the subpoena, or, in the alternative, to vacate the Order or stay the Order pending application for the same discovery in the foreign tribunal. *See* Mot. to Quash Subpoena, or in the Alternative, to Vacate Order Granting 28 U.S.C. § 1782 Appl., or, in the Alternative, to Stay the Same Order, ECF No. 6 (Oct 6, 2021); Mem. of Law in Supp. of Belimo Aircontrols USA, Inc.'s Mot. to Vacate Order Granting *Ex Parte* Appl. for Order Under 28 U.S.C. § 1782 to Conduct

---

[1] Except as otherwise discussed, the parties' familiarity with the underlying factual and procedural history of this matter before this Order is assumed. *See* Order at 1–3.

Disc. for Use in Foreign Proceedings and, in the Alternative, to Quash the Subpoena, ECF No. 8-1 (Oct. 6, 2021) ("Mot. to Quash").

On October 11, 2021, Belparts filed a memorandum in opposition to the motion to quash. *See* Mem. in Opp'n to Belimo Aircontrols (USA), Inc.'s Mot. to Quash Subpoena or, in the Alternative, to Vacate Order Granting 28 U.S.C. § 1782 Appl., or, in the Alternative, to Stay the Same Order, ECF No. 10 (Oct. 11, 2021) ("Opp'n").

On October 13, 2021, Belimo USA filed a reply in further support of its motion. *See* Reply in Opp'n to Belimo Mot. to Quash Subpoena or, in the Alternative, to Vacate Order Granting 28 U.S.C. § 1782 Appl., or, in the Alternative, to Stay the Same Order, ECF No. 11 (Oct. 13, 2021).

For the reasons explained below, the motion to quash is **DENIED** as to ongoing proceedings in Germany and contemplated proceedings in the Netherlands.

The motion to vacate the Court's prior Order is **GRANTED in part** and **DENIED in part**. The Court vacates its prior order of discovery under § 1782 only to the extent that it subpoenaed documents that are protected as confidential under the Protective Order. The prior order of discovery otherwise remains in effect.

The motion to stay is **DENIED**.

I.   **LEGAL STANDARD**

Under 28 U.S.C. § 1782(a), "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." Such an order "may be made . . . by a foreign or international tribunal or upon the application of any interested person

and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." *Id.*

The district court is authorized to grant an application under § 1782 provided that three statutory requirements are met:

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

*Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 143 (2d Cir. 2020) (citing *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (alteration and quotation marks omitted)).

Discovery sought under 28 U.S.C. § 1782 may be authorized on an *ex parte* basis. *See, e.g.*, *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made [under] § 1782 *ex parte*.").

**II.   DISCUSSION**

If the statutory requirements of § 1782 are satisfied, *see Sampedro*, 958 F.3d at 143, the Court must exercise its discretion as to whether to grant an application for discovery for use in a foreign tribunal, *see Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 242 (2d Cir. 2018). To guide district courts, the Supreme Court has provided a "non-exclusive [list] of factors (the '*Intel* factors')[2] to be considered in light of the twin aims of [§ 1782]: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* at 244 (internal citation and quotation marks omitted).

---

[2] The *Intel* factors arise from the U.S. Supreme Court's decision in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

3

The four *Intel* factors are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad";
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
> (4) whether the request is "unduly intrusive or burdensome."

*Id.* (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)). "The *Intel* factors are not to be applied mechanically," and "[a] district court should also take into account any other pertinent issues arising from the facts of the particular dispute." *Id.* at 245.

In its prior Order, the Court determined that the statutory requirements of § 1782 had been met, and further determined that the *Intel* factors weighed in favor of granting the petition, as the German court had not objected to the discovery; no evidence appeared of bad faith, or an attempt to circumvent foreign proof-gathering restrictions; and the discovery requests did not appear unduly burdensome, where Petitioner represented that they largely duplicated existing discovery requests in a related proceeding regarding the allegedly infringing products before this Court. *See* Order.

Belimo USA argues that the Court erred in this analysis, and that the first statutory requirement cannot be satisfied, as Belparts' subpoena and document requests seek information from a group called "Belimo," which encompasses both Belimo USA and foreign Belimo affiliates that do not reside in the District of Connecticut. *See* Mot. to Quash at 10–12. Belimo

USA further argues that, even if the statutory requirements of § 1782 are satisfied, the first, third, and fourth *Intel* factors weigh against granting the application. *Id.* at 12–17.

Each of these contested elements of the Order granting § 1782 discovery will be addressed below.

### A. Statutory Authority § 1782

Under 28 U.S.C. § 1782(a), the Court has authority to order discovery for use in a foreign or international tribunal only from a person or entity in "the district in which a person resides or is found." *Id.* The definition of "resides or is found" under § 1782 "extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 526–27 (2d Cir. 2019). The "relevant 'forum' [for § 1782 analysis] is limited to the district in which the district court sits." *In re Polygon Glob. Partners LLP*, No. 21-MC-364 (ER), 2021 WL 2117397, at *4 (S.D.N.Y. May 25, 2021) (citing *id.* at 529 n. 10).

There is no dispute between the parties that the entity from which the Court ordered § 1782 discovery, Belimo USA, "resides" or "is found" in the District of Connecticut, within the meaning of § 1782. *See* Appl. at 7; Mot. to Quash at 11. While the parties dispute whether Belimo USA can be compelled to produce documents that are held by international Belimo affiliates, which are not located in this District, under the Court's Order, *see* Mot. to Quash at 10–12; Opp'n at 7–9, this dispute arises under the discretionary *Intel* factors, as discussed in detail below, rather than the Court's statutory authority to issue the discovery. *See, e.g.*, *In re Top Matrix Holdings Ltd.*, No. 18-MC-465 (ER), 2020 WL 248716, at *5 (S.D.N.Y. Jan. 16, 2020). The statutory requirements of § 1782 therefore have been met, and the Court will not quash the subpoena, or otherwise vacate its prior order, on the grounds that the statutory requirements have not been met.

Accordingly, the Court now turns to the discretionary *Intel* factors.

**B. *Intel* Factors**

### i. Party from Whom Discovery is Sought (First *Intel* Factor)

The first *Intel* factor requires the Court to consider whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264. In the Second Circuit, courts are directed to look beyond the parties actually named in the petition to determine whether the party from whom documents are sought is the "real party" in interest in the foreign proceedings. *See Kiobel*, 895 F.3d at 245. "[W]hen the real party from whom the documents are sought . . . is involved in foreign proceedings, the first *Intel* factor counsels against granting a [§] 1782 petition . . . ." *Id.*; *see also, e.g.*, *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004) ("Although technically the respondent in the district court was Cravath, for all intents and purposes petitioners are seeking discovery from DT, their opponent in the German litigation . . . because DT is a participant in the German litigation subject to German court jurisdiction, petitioner's need for § 1782 help 'is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.'" (quoting *Intel*, 542 U.S. at 264)).

Discovery under § 1782, however, is not necessarily inappropriate where it is sought from a U.S.-based party that is affiliated with a foreign company sued in an international tribunal. *See In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Portfolio*, No. 20-MC-00418 (CS) (JCM), 2021 WL 3829991, at *11 (S.D.N.Y. Aug. 27, 2021) (Within the Second Circuit, "courts . . . have [ ] found that § 1782 discovery is not necessarily inappropriate under the first *Intel* factor simply because it is sought from a U.S.-

6

based party that is affiliated with the applicant's foreign adversary." (citing *In re Application of CBRE Glob. Invs. (NL) B.V.*, No. 20-MC-315 (VEC), 2021 WL 2894721, at *10 (S.D.N.Y. July 9, 2021); *In re Kidd*, No. 3:20-CV-00800 (KAD), 2020 WL 5594122, at *5 (D. Conn. Sept. 18, 2020); *In re Top Matrix Holdings Ltd.*, 2020 WL 248716, at *5). This is because, for the purposes of § 1782, parent companies that are "participants" in foreign proceedings are "separate legal entities from their subsidiaries and affiliates . . . ." *In re Top Matrix Holdings Ltd.*, 2020 WL 248716, at *5 (citing *In re del Valle Ruiz*, 939 F.3d at 523); *see also CBRE Glob. Invs.*, 2021 WL 2894721, at *9–*10 (rejecting argument that although "[petitioner] nominally seeks discovery from HBC US, its section 1782 application is actually an attempt to obtain discovery from its adversaries in the foreign proceedings, as evidenced by the fact that the subpoenas, as issued, explicitly request information concerning entities such as HBC ULC and HBC L.P., [petitioner's] adversaries in the two foreign litigations").

Belimo USA argues that the subpoena should be quashed, or the Court's prior order vacated, because it "effectively seeks" information not from Belimo USA, but rather from European Belimo entities that are participants in the foreign proceedings. *See* Mot. to Quash at 12–13. It further contends that Belimo USA's request is improper because it requests documents located on servers outside of the United States. *See* Reply at 4–6.

The Court disagrees.

As a subsidiary company of Belimo, Belimo USA is a "separate legal entit[y]" from its foreign parent company, Belimo Automation, A.G. under § 1782. *In re Top Matrix Holdings Ltd.*, 2020 WL 248716, at *5 (citing *In re del Valle Ruiz*, 939 F.3d at 523). It therefore is distinct from its foreign affiliates and can be ordered to produce § 1782 discovery independently. *See, e.g.*, *CBRE Glob. Invs.*, 2021 WL 2894721, at *9; *see also In re Top Matrix Holdings Ltd.*, 2020

WL 248716, at *5. Even if the documents sought from Belimo USA are located outside the United States, that does not mean that the European Belimo affiliates are the "real party" in interest, in contrast to cases cited by Belimo USA where courts rejected § 1782 applications for discovery from a United States law firm representing the adverse international company in a foreign tribunal.  *Cf. Kiobel*, 895 F.3d at 245; *Schmitz*, 376 F.3d at 85. Moreover, there is no categorical prohibition against seeking § 1782 discovery located abroad.[3] *See In re del Valle Ruiz*, 939 F.3d at 533 ("Our previous dicta notwithstanding, we join the Eleventh Circuit in holding that a district court is not categorically barred from allowing discovery under § 1782 of evidence located abroad."); *see also In re Top Matrix*, 2020 WL 248716, at *5 ("As the court is not prohibited from compelling discovery of information in possession of both a parent company and its subsidiary, the first *Intel* factor is adequately met."). The Court therefore affirms its prior conclusion that the first *Intel* factor weighs in petitioner's favor.

Accordingly, the Court will not quash the subpoena, or otherwise vacate its prior Order, on the grounds that the first *Intel* factor weighs against Belparts' § 1782 petition.

### ii.     Attempt to Circumvent Foreign Proof-Gathering Restrictions (Third *Intel* Factor)

"The third *Intel* factor requires consideration of whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.'" *In re Polygon Glob. Partners LLP*, 2021 WL 2117397, at *10 (citing *Intel*, 542 U.S. at 265). In making this determination, the admissibility of the requested discovery is not

---

[3] The direction from the Second Circuit in *In re del Valle Ruiz* that district courts should, however, consider "the location of documents and other evidence when deciding whether to exercise [their] discretion to authorize such discovery" will be addressed as part of the Court's discussion of the fourth *Intel* factor. *See, e.g., In re Gorsoan Ltd.*, No. 17-CV-5912 (RJS), 2021 WL 240736, at *7 (S.D.N.Y. Jan. 25, 2021) (concluding, in reliance on *In re del Valle Ruiz*, that the fourth *Intel* factor weighed against discovery where the documents sought were "located abroad and in numerous foreign languages".).

relevant. *Id.* ("The evidence requested does not need to be admissible or discoverable in the foreign tribunal." (citing *In re Top Matrix Holdings Ltd.*, 2020 WL 248716, at *6)). The intent of the parties, and the Court's assessment of whether a discovery request is made in good faith, however, is essential to this inquiry. *In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Portfolio*, No. 20-MC-00418 (CSJ) (CM), 2021 WL 3829991, at *15 n.9 (S.D.N.Y. Aug. 27, 2021) (citing *In re Application of Hill*, No. 05-CV-999996 (RJH) 2007 WL 1226141, at *3 (S.D.N.Y. Apr. 23, 20017))).

Belimo USA argues that the third *Intel* factor weighs against petitioner, as it views the petition as attempting to circumvent procedures in Germany and the Netherlands that do not permit the kind of broad discovery requested by Belparts here. *See* Mot. to Quash at 13–14. It further objects to the fact that Belimo USA has not attempted to seek the requested discovery through those international channels, and argues that Belimo USA should be required to request this discovery in the international proceedings before obtaining § 1782 discovery from this Court. *Id.; see also* Reply at 4–6.

The Court disagrees.

As an initial matter, "§ 1782 does not contain an exhaustion requirement that would impose upon an applicant a duty to first seek the requested discovery from the foreign court." *In re Imanagement Servs., Ltd.*, No. Misc. 05-89 (FB), 2005 WL 1959702, at *5 (E.D.N.Y. Aug. 16, 2005) (internal citation omitted); *see also Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992) ("We find nothing in the text of 28 U.S.C. § 1782 which would support a quasi-exhaustion requirement of the sort imposed by the district court."). This Court further declines to infer evidence of bad faith from Belparts' decision to seek § 1782 discovery, rather than to seek the same information through foreign tribunals, which, as Belimo USA concedes,

9

have discovery limitations that render the requested information potentially inaccessible.[4] *See* Mot. to Quash at 13–14; *cf. In re Imanagement Servs., Ltd.*, 2005 WL 1959702, at *5. Where a "request for assistance may reflect a reasonable effort to overcome a technical discovery limitation[,]" it is permissible for the Court to grant that request for discovery. *See id.*

Accordingly, the Court will not quash the subpoena, or otherwise vacate its prior Order, on the grounds that the third *Intel* factor weighs heavily or in part against Belparts' § 1782 petition.

### iii. Undue Burden

The fourth *Intel* factor requires the Court to consider whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65. "In applying the fourth *Intel* factor to determine whether the discovery sought is overbroad or unduly burdensome, the district court should 'apply[ ] the familiar standards of Rule 26 of the Federal Rules of Civil Procedure[.]'" *In re Tiberius Grp. AG*, 19-MC-467 (VSB), 2020 WL 1140784, at *7 (S.D.N.Y. Mar. 6, 2020) (quoting *Mees,* 793 F.3d at 302) (alteration in original).

Belimo USA contends that the requested discovery is intrusive and unduly burdensome for multiple reasons, including that: (1) the discovery is excessively broad and seeks information about allegedly infringing valve products that Belparts already acquired, *see* Mot. to Quash at 14–16; (2) the number of requests is excessive, including thirty-six (36) discovery requests, with up to twenty-five (25) subparts, which do not all correspond with information that has already been provided before this Court in the Connecticut Action, *see id.*; (3) the timing of the request, weeks before the scheduled trial in Germany, is impracticable, *see id.*; and (4) the requests are

---

[4] Certainly, Belparts could have filed its discovery requests, either in a foreign tribunal or in this Court, at an earlier date, *see* Reply at 2–3, which would have allowed for more efficient proceedings for all parties involved. Belimo USA, however, has not presented enough to suggest that this delay occurred as a result of a bad faith effort to obtain an advantage in the litigation or otherwise.

primarily for documents stored outside of the United States and in foreign languages, *see* Reply at 6. Belimo USA further objects to the discovery sought as unduly burdensome on the basis that the disclosure of that discovery in a foreign tribunal could risk revealing a highly confidential algorithm embedded in its proprietary source code. Reply at 3–4.

The Court agrees, at least in part.

If the protective order were to be violated, and its information revealed publicly, Belimo USA potentially would risk disclosure of highly sensitive propriety or trade secret information. *See id.* In recognition of this risk, the parties previously stipulated to a protective order for the Connecticut Action, *see Belparts, N.V. v. Belimo Automation AG and Belimo Aircontrols USA, Inc.*, 21-CV-00334 (VAB) (D. Conn.) ("Connecticut Action"), which this Court adopted, *see* Order Granting Mot. for Protective Order, ECF No. 57, *Belparts, N.V. v. Belimo Automation AG and Belimo Aircontrols USA, Inc.*, 21-CV-00334 (VAB) (D. Conn.) (Aug. 26, 2021) ("Protective Order"). The Protective Order states that a "receiving party may use [p]rotected [m]aterial that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, and/or attempting to settle (a) this litigation, (b) United States Patent Office proceedings regarding the patents in suit in this litigation; and (d) [*sic*] any appeals and/or appellate-like proceedings in any of the aforementioned litigation matters." *Id.* at 1–3. The Protective Order further states that, "[i]f a party is served with a subpoena or court order issued in other litigation that compels disclosure of any Protected Material," that party must undertake certain steps to protect the information, including to provide a copy of the protective order, and notify the party that the order is subject to this agreement. *Id.* at 8.

There is a "strong presumption against the modification of a protective order[.]" *Kiobel*, 895 F.3d at 247 (internal quotation marks and citation omitted). Protective orders "serve the vital

function . . . of secur[ing] the just, speedy, and inexpensive determination of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice." *Id.* (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001)) (internal quotation marks omitted) (alterations in original). Without protective orders, "litigants would be subject to needless annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (internal quotation marks omitted). Accordingly, in *Kiobel*, the Second Circuit reversed the district court's grant of discovery under § 1782 because it altered a confidentiality order with the party from whom the discovery was sought, without the participation of that party in its modification. *Id.*

Although this case differs from *Kiobel* in a key respect, in that the petitioner has not sought discovery of information from an attorney that is protected by attorney-client privilege, it otherwise is substantially similar. A Protective Order was entered between Belimo USA, Belimo, and Belparts in the Connecticut Action, which protects the information Belimo USA has represented that it is seeking here: information that "is almost entirely duplicative of discovery sought in the Connecticut Action." Appl. at 18 ¶ 53. Belparts has cited no cases that would support this Court's authority to order the disclosure of the discovery record before this Court, which is covered by the Protective Order, in foreign proceedings. *Cf. In re Aluminum Warehousing Antitrust Litig.*, No. 13-MC-2481 (PAE), 2020 WL 505042, at *2–*3 (S.D.N.Y. Jan. 31, 2020) (rejecting, in reliance on *Kiobel*, petitioner's request "to use § 1782 to obtain wholesale permission to transfer an entire . . . discovery record to a foreign action [ ] despite a Protective Order prohibiting such action").

Further, Belparts has not provided this Court with assurance that Dutch and German courts will safeguard the confidentiality of Belimo USA's documents if this Court authorized

12

their release for use in litigation in those tribunals.[5] *See Kiobel*, 895 F.3d at 247 (finding it "perilous" to override confidentiality order where "[petitioner] did not . . . provide the U.S. courts with assurance that [foreign] courts will enforce the protective orders that safeguard the confidentiality of [the requested] documents"). Still, Belparts asks this Court to uphold the grant of § 1782 discovery for all requested materials. The Court cannot and need not give such short shrift to its Protective Order in the Connecticut Action.

And yet, the Court need not quash the subpoena. Rather, where discovery sought under § 1782 is unduly burdensome, the Second Circuit has instructed district courts to issue "a limited grant of discovery," where possible, rather than deny the application. *Mees,* 793 F.3d at 302. Accordingly, the Court will vacate its prior order to the extent that it requires disclosure of documents and information that must remain confidential under the Protective Order, including documents marked as "Confidential Material" and "Attorney's Eyes Only Material." *See* Protective Order at 2.

As to these remaining discovery requests, the Court anticipates that a significant burden will be alleviated by the exception of discovery requests that violate the Protective Order, including documents related to the operation of the allegedly infringing valves and documents that require translation. To the extent that Belimo USA contends that an undue burden remains, however, the Court reminds Belimo USA that Belparts is not prohibited from obtaining discovery of documents located outside the United States under § 1782, including those documents that are also possessed by foreign affiliates. *See In re del Valle Ruiz*, 939 F.3d at 533;

---

[5] The cases cited by Belparts in which courts in other circuits granted § 1782 petitions do not involve a protective order like the one at issue here. *See* Opp'n at 13 (citing, *inter alia*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 599 (7th Cir. 2011); *Kulzer* v. *Esschem, Inc.*, 390 F. App'x 88, 93 (3d Cir. 2010); *In re Lufthansa Technick AG*, No. C17-1453-JCC, 2019 WL 331839, at *3 (W.D. Wash. Jan. 25, 2019)).

13

*see also In re Top Matrix*, 2020 WL 248716, at *5. As a result, the requests for information from Belimo USA that pertain to its parent-company or foreign affiliates are not prohibited, and the Court will not, as a matter of law, limit the requested discovery only to documents stored on servers in the United States, as Belimo USA requests.

The Court further notes that Belimo USA's concern about responding to the discovery before the upcoming hearing in the German litigation on October 28, 2021 is misplaced, as Belparts has not provided nor is this Court aware of any authority that would permit it to require responses to the requested § 1782 discovery within such an expedited timeframe. The Court therefore determines that its limitation of the grant of discovery within this Ruling and Order to materials that do not violate the Protective Order addresses any concern about burdensomeness.

Accordingly, the Court will not quash the subpoena. The Court will, however, vacate its prior order of discovery under § 1782 to the extent that it subpoenaed documents that are protected as confidential under the Protective Order.

### III. CONCLUSION

For the foregoing reasons, the motion to quash is **DENIED** as to ongoing proceedings in Germany and contemplated proceedings in the Netherlands.

The motion to vacate the Court's prior Order is **GRANTED in part** and **DENIED in part**. The Court vacates its prior order of discovery under § 1782 only to the extent that it subpoenaed documents that are protected as confidential under the Protective Order. The prior order of discovery otherwise remains in effect.

The motion to stay is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of October, 2021.

                                                  /s/ Victor A. Bolden
                                                  Victor A. Bolden
                                                  United States District Judge